UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

CHARLES O. SIMS and TERRI S. SIMS,

          Debtors.

_____/

Case No. DK 15-06784
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION & ORDER

PRESENT:   HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

The Michigan Unemployment Insurance Agency (the "MUIA") filed a Motion to Allow Filing of Late Claim (ECF No. 19, the "Motion"), and the chapter 13 trustee, Barbara P. Foley (the "Trustee"), filed her objection (ECF No. 20, the "Objection"). The court held a hearing on September 20, 2017, in Kalamazoo, Michigan, to consider the Motion and the Objection. The MUIA, the Debtors, and the Trustee all appeared through their respective counsel. Although the Debtors did not file formal opposition to the Motion, at the hearing their counsel opposed it on the record. For the reasons set forth on the record and in this Order, the court will deny the Motion.

Untimely claims in a chapter 7 case may be allowed and, subject to full payment of timely claims, paid. *See* 11 U.S.C. § 502(b)(9) (disallowing tardily filed claims, with limited exceptions in chapter 7 cases); *id.* § 726(a)(1), (a)(2), & (a)(3). The outcome is different in a chapter 13 case. *See* 11 U.S.C. § 502(b)(9) (disallowing tardily filed claims, with no exceptions for chapter 13 cases).

The applicable rule is rather strict about extending the deadline for filing proofs of claim, including the deadline for filing proofs of claim by governmental entities: "[t]he

court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before the expiration of the period for filing a timely proof of claim." *See* Fed. R. Bankr. P. 3002(c)(1).  The MUIA filed its Motion outside the original deadline, reportedly because it did not have notice of the case in time to make a timely filing.  Nevertheless, the MUIA's Motion is untimely under the rule.

Congress addresses the circumstance presented here—where a creditor contends that it did not have notice of the bankruptcy proceeding in time to participate in the distribution—by excepting the claim from discharge and permitting either party to seek a determination about dischargeability on this ground "at any time," and in state or federal court. *See* 11 U.S.C. § 523(a)(3); Fed. R. Bankr. P. 4007(b); *In re Steward*, 509 B.R. 123, 126 (Bankr. W.D. Mich. 2014) (state courts have concurrent jurisdiction over disputes under § 523(a)(3)).  This approach reinforces a debtor's duty to give timely and proper notice to all creditors by creating an incentive: a debtor's failure to give proper notice may allow an otherwise dischargeable debt to survive discharge.

As a practical matter, today's decision means that the MUIA: (1) will not receive distributions under the Debtors' confirmed plan (because it does not have an *allowed* claim); (2) is enjoined from collection activity under § 362 pending further order (because it holds a prepetition claim); but (3) may have the right to pursue collection notwithstanding discharge (assuming it did not have notice in time to file a timely proof of claim).  Either party may seek a determination about whether § 523(a)(3) applies here, and they may do so by filing a complaint at any time.[1]  Nevertheless, they may prefer to refrain from

---

[1] Fed. R. Bankr. P. 4007(b).  The exception to discharge under § 523(a)(3) is not among the exceptions enumerated in § 523(c), and therefore not subject to the deadline prescribed in Fed. R. Bankr. P. 4007(c).  *In re Wilcox*, 529 B.R. 231, 236 (Bankr. W.D. Mich. 2015). In any event, counsel for MUIA confirmed at the hearing that her client's claim, unlike many MUIA claims in this court, is not a fraud claim under § 523(a)(2).

pursuing such relief until after the court enters a discharge at the conclusion of this case, assuming the Debtors complete their plan payments.  11 U.S.C. § 1328(a) (court may enter chapter 13 discharge "after completion by the debtor of all payments under the plan").

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Charles O. Sims and Terri S. Sims, Kerry D. Hettinger, Esq., Barbara P. Foley, Esq., the United States Trustee (by first class mail), and Rebecca Marie Smith, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated September 21, 2017**



Scott W. Dales
United States Bankruptcy Judge